46 F.3d 1141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David M. HERRERA, Plaintiff-Appellant,
v.
PROVIDENT LIFE & ACCIDENT INSURANCE CO. Defendant-Appellee.
 No. 93-16340.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 16, 1994.
Decided Jan. 9, 1995.
 
 Before: TANG, REINHARDT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff-Appellant David M. Herrera, an employee of Amdahl Corporation ("Amdahl"), suffered an injury to his back in May, 1989. Herrera claims that his back injury qualifies him to receive a $250,000 lump sum benefit under an accidental death and dismemberment plan insured by Provident Life & Accident Insurance Company ("Provident Life").
 
 
 3
 The district court, after a bench trial, found against Herrera. The court found that Herrera could return to work and was not totally disabled. Herrera appeals the district court's judgment in favor of Provident Life. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I. BACKGROUND
 
 4
 Plaintiff-Appellant David M. Herrera was employed as a lithographer-printer by Amdahl Corporation ("Amdahl") for approximately 12 years. In May of 1989, Herrera suffered an injury to his back. Amdahl released Herrera shortly after his injury. Herrera seeks benefits from Amdahl's employee welfare benefit plans.
 
 
 5
 Amdahl sponsored two employee welfare benefit plans, both of which are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Secs. 1001, et seq. The first plan is a long-term disability benefit plan ("the LTD Plan") and is not at issue in this case. The LTD Plan provides monthly income replacement benefits under a more lenient disability standard until the employee reaches age 65. Defendant-Appellee Provident Life & Accident Insurance Co. ("Provident Life") does not insure, and has no connection with, the LTD Plan.
 
 
 6
 The second Amdahl plan, which is at issue in this case, is a voluntary accidental death and dismemberment plan (the "AD & D Plan") insured by Provident Life. The AD & D Plan is a contributory plan that provides an advance lump sum payment to the employee if he, within 365 days of the accident, is so severely disabled that he cannot perform "any and every duty of his job" during the first 52 weeks and, thereafter, is "totally disabled" such that he is unable "to do any work for pay or profit for life." This type of accidental death benefit is sometimes called a "living death" provision. The term reflects both the extreme nature and consequences of the injury required to trigger the lump sum benefit, and the fact that the full benefit is paid in advance to the living insured. The AD & D Plan states:
 
 
 7
 BENEFITS FOR TOTAL and PERMANENT DISABILITY (employee only)
 
 
 8
 If you become disabled due to accidental injury, while you are covered under the Plan, and such disability:
 
 
 9
 (i) starts within 365 days after the date of the accident;
 
 
 10
 (ii) continues for a period of 52 weeks (during the 52 week period, you must be unable to perform any and every duty of your job); and
 
 
 11
 (iii) results in your being Totally Disabled at the end of the 52 week period;
 
 
 12
 the Provident will pay the Principal Sum shown in the Schedule of Benefits.
 
 
 13
 Totally Disabled means you are not able to do any work for pay or profit for life.
 
 
 14
 Herrera claims that his lower back injury qualifies him to receive the lump sum benefit of $250,000 under the plan.
 
 II. DISCUSSION
 
 15
 The district court found that Herrera did not qualify for coverage because he could return to work within nine months of May, 1989 (the date of Herrera's injury) and that he was not totally disabled. We review a district court's findings of fact under the clearly erroneous standard. Campbell v. Wood, 18 F.3d 662, 681 (9th Cir.) (en banc), cert. denied, 114 S.Ct. 2125 (1994).
 
 
 16
 The district court did not clearly err in finding that Herrera fails to qualify for coverage.[1] Under the "totally disabled" provision, Herrera fails to qualify for benefits because he cannot show that he was "not able to do any work for pay or profit for life." Herrera also fails to qualify for benefits because he cannot show that during the initial 52 week period, he was "unable to perform any and every duty" of his job.
 
 
 17
 Three doctors--Dr. Chow, Dr. Miller, and Dr. Musich--examined Herrera and stated that he could return to work within 52 weeks of his May, 1989 injury. Dr. Chow stated in his June 15, 1989 report that "I do not detect objective evidence to prevent Mr. Herrera from returning to modified work with lifting limit set at 10 pounds, at this time." Dr. Miller stated in his October 2, 1989 report that, "In my opinion the patient is not to be considered temporarily disabled and should be instructed to return to work given tasks required." Dr. Musich stated in his February 1, 1990 report that Herrera could "return to work on February 16, 1990." The reports of these three doctors indicate that Herrera could have returned to work within 52 weeks of his May, 1989 injury.
 
 
 18
 Two more doctors concluded that Herrera was not totally disabled one year after his May, 1989 injury. Dr. Stojic stated in his April 16, 1990 report that "The patient is capable of performing in gainful employment, however, [he] is precluded from heavy lifting." Dr. Barchuck stated in his December 7, 1992 report that "[t]here is no objective chronic condition underlying [Herrera's] chronic pain complaints." Dr. Barchuck concluded that Herrera is not disabled and is best suited for a "sedentary occupation" that excludes repetitive lifting of objects over 10-20 pounds, repetitive bending and twisting activities; and exposure to smoke or other unprotected chemicals.
 
 
 19
 Only one doctor, a Dr. Gomez, stated that Herrera could not work as a lithographer. Dr. Gomez stated, in a report dated September 20, 1992, that "[t]he patient's chronic back pain syndrome severely limits his ability to perform the routine activities expected of a lithographer." Nevertheless, Dr. Gomez noted that Herrera could still work in "semi-sedentary" occupations.
 
 
 20
 Given the above facts, the district court's finding that Herrera could return to work within 52 weeks of his injury and was not totally disabled under the terms of the Plan is not clearly erroneous.
 
 
 21
 We deny Provident's request for attorney's fees.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In light of this holding, we do not need to reach Herrera's arguments that the definition of "totally disabled" is ambiguous and that California law, not federal law, should control the interpretation of the ambiguous provision